# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE HOLDEN PARKER, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 07-796-DRH |
| KENNETH BARTLEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*. Plaintiff seeks damages, declaratory relief, and injunctive relief. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

1

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and the supporting exhibits, the Court finds that some of Plaintiff's claims in the original complaint are subject to pre-service dismissal.

**THE COMPLAINT**

Liberally construing the complaint, it appears that Plaintiff is confined to a wheelchair. Plaintiff's complaint concerns three different times (May 2005, June 2006, and May 2007) he was transported in a vehicle between Pinckneyville Correctional Center (PCC) and Menard Correctional Center (MCC). In each instance, Plaintiff was transported in a van equipped with a wheelchair lift in the back. Plaintiff and his wheelchair were lifted into the rear passenger area of the van[1] and the wheelchair was secured to the floor of the van with Plaintiff "harnessed" into the chair. Plaintiff describes the method of securing his chair to the van floor as being "jury rigged." Plaintiff further alleges that the wheelchair has a warning label on it stating "No wheelchair has been approved for use as a seating surface within a motor vehicle." Plaintiff claims that the manner in which his wheelchair is secured inside the vehicle is improper, violates several safety standards, and creates a risk of serious injury or death to him - especially in the event of an accident.

With regard to the June 2006 incident, Plaintiff alleges that he filed grievances with Defendants Bartley and Dolce. Plaintiff contends that Dolce returned the grievance to him falsely claiming that it was untimely filed - an action that was upheld upon review by Defendants Kisro and Benton. Plaintiff contends that Defendants Bartley, Kisro, and Benton failed to take any corrective

---

[1]According to the complaint, the rear passenger area is separated from the front passenger area by a piece of perforated steel. When Plaintiff is secured in the van, he alleges that he is only one foot from this metal screen.

action based on this grievance. Plaintiff contends that, as a consequence, he was again transported to MCC in the manner described above.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into seven counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Crowell and Rodely for unsafely transporting Plaintiff from PCC to MCC in May 2005 in violation of Plaintiff's Eighth Amendment rights and in violation of the ADA.
>
> **COUNT 2:** Against Defendants Shirley and Lind for unsafely transporting Plaintiff from PCC to MCC in June 2006 in violation of Plaintiff's Eighth Amendment rights and in violation of the ADA.
>
> **COUNT 3:** Against Defendants McBride and Lunde for unsafely transporting Plaintiff from PCC to MCC in May 2007 in violation of Plaintiff's Eighth Amendment rights and in violation of the ADA.
>
> **COUNT 4:** Against Defendants Bartely, Benton, Kisro, and Dolce for depriving Plaintiff of due process of law in connection with his grievance of the June 2006 incident.
>
> **COUNT 5:** Against Defendants Bartely, Benton, Kisro, and Dolce for having actual knowledge of and failing to take corrective action regarding the manner in which Plaintiff was transported between PCC and MCC in violation of Plaintiff's Eighth Amendment rights and in violation of the ADA.
>
> **COUNT 6:** Against Defendants Crowell, Rodely, Shirley, Lind, McBride, Lunde, Bartely, Benton, Kisro, and Dolce for conspiring to deprive Plaintiff of his constitutional rights in violation of 42 U.S.C. §§ 1983 and 1985.
>
> **COUNT 7:** Against Defendants Crowell, Rodely, Shirley, Lind, McBride, Lunde, Bartely, Benton, Kisro, and Dolce for failing to prevent the conspiracy alledged in Count 6 in violation of 42 U.S.C. § 1986.

### DISCUSSION

Upon review, the Court is unable to dismiss Counts 1, 2, 3, and 5 pursuant to § 1915A at this time.

Counts 4, 6, and 7, however, should be dismissed pursuant to § 1915A. "A state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Therefore, Plaintiff's allegation that the defendants either claimed that his grievance was untimely or did not reply to it at all, fails to state a claim upon which relief may be granted. Consequently, Count 4 should be dismissed.

Count 6 should be dismissed because, under the intra-corporate conspiracy doctrine, a conspiracy claim "cannot exist between members of the same entity. *Payton v. Rush Presbyterean-St. Luke's Med. Ctr.,* 184 F.3d 623, 632 (7th Cir. 1999). Plaintiff has alleged that the defendants are members of the same entity, the Illinois Department of Corrections (IDOC), and that they were all working in the IDOC's interest. Therefore, the defendants cannot be sued under §1983 or § 1985 for conspiracy. *See id. See also Wright v. Illinois Dept. Of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994). Count 7- failing to prevent a § 1985 conspiracy - should be dismissed because there is no actionable conspiracy under § 1985.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNTS 4, 6, AND 7** of the complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BARTLEY, BENTON, KISRO, DOLCE, SHIRELY, LIND, LUNDE, MCBRIDE, RODELY, and CROWELL**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BARTLEY, BENTON, KISRO, DOLCE, SHIRELY, LIND, LUNDE, MCBRIDE, RODELY, and CROWELL** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. **Service shall not be made on any unknown defendant until such time as Plaintiff has identified the defendant by name on a USM-285 form and in a properly filed amended complaint.** Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** June 3, 2008.


/s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**