# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE HOLDEN PARKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KENNETH BARTLEY, *et al.*, )<br>)<br>Defendants. ) | CIVIL NO. 07-cv-796-DRH-DGW |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

This action is before the Court on Plaintiff's motion to reconsider (Doc. 7). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02(7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons express by the movant." *Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if

a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Upon review of the record and regardless of whether Plaintiff's motion is analyzed under Rule 59(e) or Rule 60(b), the Court remains persuaded that its ruling dismissing counts 4, 6, and 7 of the complaint pursuant to 28 U.S.C. § 1915A was correct. Furthermore, the Court notes that Plaintiff's alleged pendent state law claims have no merit. With exceptions not applicable here, Illinois state law requires only the *driver* and the *front* passenger to wear seatbelts while a motor vehicle is in motion. *See* 625 ILCS 12-603.1.(a). As the complaint makes clear, Plaintiff was restrained in the *rear* of the van, behind a metal screen and behind the driver and front seat

2

passenger. Thus, the complaint does not indicate a violation of Illinois' seatbelt law. Even so, a violation of Illinois' seatbelt law is merely a traffic infraction, it does not give rise to a private cause of action. Finally, the Court can find no authority for the proposition that a violation of 730 ILCS 5/3-7-4, which requires the Illinois Department of Corrections to establish rules and regulations for the protection of inmates, gives rise to a private cause of action.

Plaintiff's motion also asks this Court to foreclose the Defendants from asserting an affirmative defense based on Plaintiff's possible failure to exhaust his administrative remedies. This request is premature. Defendants have not yet asserted this defense and the Court will not consider the matter unless and until the defense is asserted.

Plaintiff's motion to file an amended complaint is denied, without prejudice. Plaintiff may amend his action once as a matter of course before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). A review of the docket as of this date indicates that no responsive pleading has been filed by the Defendants. Therefore, leave of Court is not required to file an amended complaint. Any amended complaint Plaintiff files, however, must comply with Local Rule 15 of this Court.

**IT IS HEREBY ORDERED** that Plaintiff's pendent state law claims are **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that the instant motion (Doc. 7) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** June 19, 2008.

/s/    DavidRHerndon
**DISTRICT JUDGE**