IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE HOLDEN PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-00796-DGW |
| ) | |
| KENNETH BARTLEY, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is a Motion for Summary Judgment and Memorandum in Support filed by Defendants Kenneth Bartley, Sherry Benton, Brian Crowell, Mary Dolce, Terri Kisro, Bart Lind, Carol McBride, Roger Rodely and Wesley Shirley ("Defendants") (Docs. 43, 44) and a Response filed by Plaintiff Lee Holden Parker ("Parker") (Doc. 43). For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

*Procedural History*

Parker filed this action on November 13, 2007 seeking damages, declaratory relief and injunctive relief for deprivations of his constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. (Doc. 1). After the Court's threshold review of this case on June 3, 2008, three of the seven counts were dismissed (Doc. 5). The remaining four counts are as follows: Count One alleges that Defendants Crowell and Rodely unsafely transported Parker from Pinckneyville Correctional Center ("Pinckneyville") to Menard Correctional Center ("Menard") in May 2005 in violation of the ADA; Count Two alleges that Defendants Shirley and Lind unsafely

transported Parker from Pinckneyville to Menard in June 2006 in violation of the ADA; Count Three alleges that Defendants McBride and Lunde unsafely transported Parker from Pinckneyville to Menard in May 2007 in violation of the ADA; and Count Five alleges that Defendants Bartley, Benton, Kisro and Dolce had knowledge of and failed to take corrective action regarding the manner in which Parker was transported between Pinckneyville and Menard in violation of the ADA and the Eighth Amendment. *Id.*

On May 29, 2009, Defendants Bartley, Benton, Crowell, Dolce, Kisro, Lind, McBride, Rodely and Shirley filed a Motion for Summary Judgment and Memorandum in Support (Docs. 43, 44). In their motion, Defendants argue that they are entitled to summary judgment because: (1) Parker has failed to prove a violation of his Eighth Amendment rights; (2) Parker has failed to prove a violation of the ADA; (3) Defendants are entitled to qualified immunity; (4) Parker is not entitled to damages regarding his alleged mental or emotional injuries; and (5) Parker is not entitled to injunctive relief. *Id.*

*Material Facts*

At all times relevant to this action, Parker was incarcerated by the Illinois Department of Corrections at Pinckneyville and Menard (Parker's Deposition Dated 4/8/09, Doc. 44-1, p. 9). He has been confined to a wheelchair since 2002 for injuries resulting from a motorcycle accident and osteoarthritis of his spine and coccyx. *Id.* Parker was disciplined for various offenses while incarcerated at Pinckneyville in 2005, 2006, 2007, and his punishment was to serve time in the segregation unit at Menard. *Id.* at 10, 26.

On May 5, 2005, Parker was transported by van from Pinckneyville to Menard by Defendants Crowell and Rodely. *Id.* at 10, 26. Parker was transported back to Pinckneyville, by van, on May 13, 2005. *Id.*

On June 6, 2006, Parker was again transported by van from Pinckneyville to Menard by Defendants Shirley and Lind (Doc. 44-1, p. 26).

In May 2007, Parker was transported for a third time by van from Pinckneyville to Menard by Defendants A. Lunde[1] and McBride (Doc. 44-1, p. 37).

In each instance, Parker was transported in a van equipped with a wheelchair lift in the back (Docs. 1, 5). Parker and his wheelchair were lifted into the rear passenger area of the van and the wheelchair was secured to the floor of the van with Parker "harnessed" into the chair. *Id.* Parker further describes the method of securing his chair to the van floor as being "geri-rigged" (Doc. 44-1, p. 56). He alleges that the wheelchair has a warning label on it stating "No wheelchair has been approved for use as a seating surface within a motor vehicle." *Id.*

Although Parker was not involved in an automobile accident during his transports to and from Pinckneyville, he claims that the manner in which his wheelchair is secured inside the vehicle is improper, violates several safety standards, and creates a risk of serious injury or death to him (Docs. 1, 5, 44-1, pgs. 36, 51)

Parker alleges that Defendant Bartley, former Warden at Pinckneyville, "stonewalled" him on his grievances, and failed to investigate and take corrective action on the manner in which he was transported between Pinckneyville and Menard (Doc. 44-1, pgs. 43-44). He contends that Defendant Kisro, a member of the grievance committee, ignored his complaint regarding the transportation, even though it "was a life threatening situation." *Id.* at 44. Parker also filed suit against Defendant Dolce, a grievance counselor, because she stated in her response to his grievance that he was being transported in an acceptable manner in accordance with the ADA. *Id.* at p. 45. He sued Defendant Benton, a member of the Administrative Review Board,

---

[1] Defendant A. Lunde has not been served in this action. Therefore, the Court has no jurisdiction over Parker's claims against him.

because she failed to investigate Parker's grievance regarding wheelchair transportation, returned his grievance as untimely filed and did not refer the grievance to Director Walker. *Id.* at 46.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ballance v. City of Springfield, Illinois Police Department*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004). *See also Anderer v. Jones*, 385 F.3d 1043, 1064 (7th Cir. 2004).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001); *Sybron Transition Corporation v. Security Insurance Company of Hartford*, 107 F.3d 1250, 1255 (7th Cir. 1997).

A showing of a mere factual disagreement between the parties is insufficient; the factual issue must be "material," meaning that the issue must be one affecting the outcome of the suit. *See Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir.2005) (other citations omitted)). The moving party bears the initial burden of producing evidence that identifies "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes to demonstrate the absence of a genuine issue of material fact." *Outlaw*, 259 F.3d at 837 (quoting *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996)). After the moving party has satisfied its burden to establish

that no genuine issue of material fact exists, the burden shifts to the non-moving party to "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "may not rely merely on allegations or denials in its own pleading." *Id.* The opposing party must, instead, "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

Affidavits filed in support of or opposed to summary judgment must be based upon the personal knowledge of the affiant. *See* Fed. R. Civ. P. 56(e)(1). "[A]lthough personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.'" *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (quoting *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 659 (7th Cir. 1991)). *See also Witte v. Wisconsin Dept. Of Corrections*, 434 F.3d 1031, 1037 (7th Cir. 2006) (affidavit merely repeating unsupported allegations in complaint was not a statement based upon personal knowledge "that may properly be considered in an affidavit"); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 939 (7th Cir. 1997) ("[A] plaintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment.").

## DISCUSSION

*Deliberate Indifference*

To succeed on an Eighth Amendment conditions of confinement claim, an inmate must first demonstrate, objectively, that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, he must show that prison officials acted with deliberate indifference to that risk, a subjective inquiry into a prison official's state of mind. *Farmer*, 511 U.S. at 838-39. As explained in *Farmer*, "a prison official

cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837. The prison official may be held liable only if he knows an inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." *Id.*at 847. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

To rise to the level of deliberate indifference, a defendant must act with culpability greater than negligence or even gross negligence. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Rather, the evidence should reveal that the defendants "acted with a sufficiently culpable state of mind" such that the "defendants actually knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2002) ("Deliberate indifference entails more than mere negligence . . . and requires the prisoner to show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety from lack of treatment." (citations omitted)); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (stating that "liability attaches only if the conduct is intentional or criminally reckless."). Actual knowledge of a substantial risk can be inferred when the risk is obvious. *Walker*, 293 F.3d at 1037.

Under the first prong of the inquiry, Defendants argue that Parker cannot demonstrate that a substantial risk of serious harm existed. In support, they rely on three Seventh Circuit cases: *Harris v. Kuba*, 486 F.3d 1010 (7th Cir. 2007) (under §1983 a plaintiff must produce evidence injuries or damage); *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000) (no claim for deliberate indifference without an injury); and *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996) (plaintiff must suffer cognizable legal harm caused by defendant's breach of duty owed to plaintiff), which they argue stand for the principle that a minimal showing of injury by a prisoner renders unavailable a claim under the Eighth Amendment. The Court finds *Babcock* applicable to the case at bar because it involves a prisoner plaintiff whose claim for relief was based solely upon psychological injuries.

In *Babcock*, the plaintiff was a federal inmate serving a lengthy sentence. *Id.* at 268. Babcock was stabbed seven times in attack by members of a prison gang. *Id.* After, the assault Babcock was transferred to a different prison. After arriving at the new prison, Babcock found that he had not escaped the reaches of the prison gang. *Id.* Babcock then sued prison officials for their lack of response in providing for his safety. *Id.*

The court in *Babcock* ruled that plaintiff was not entitled to money damages for his psychological harm because he was never physically injured. The court stated, "[h]owever legitimate Babcock's fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Id.* at 272. The court concluded: "Simply put, Babcock alleges, not a 'failure to prevent harm,' but a failure to prevent exposure to the risk of harm. This does not entitle Babcock to monetary compensation." *Id.* (citing *Farmer*, 511 U.S. at 384).

In the case at bar, Parker asserts that he was transported in his wheel chair on three separate occasions, however he never suffered a physical injury during these transportation. He alleges that he suffered "sheer mental and emotional terror" and "extreme psychological harm and aftermath nightmares" (Doc. 1). Parker, however, has failed to produce any evidence on which the Court could find that he did in fact suffer the harm he complains about. Instead, he relies on allegations in his own pleadings which are conclusory and unsubstantiated. Thus, Parker has not met his burden of demonstrating a genuine issue of material fact regarding actual injury. Therefore, Parker's claim of deliberate indifference against all Defendants fails as a matter of law.

***Americans With Disabilities Act***

Title II of the ADA, Section 202 states that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. ADA's Title II, prohibiting a "public entity" from discriminating against "qualified individual with a disability" on account of that individual's disability, covered inmates in state prisons, thus allowing state inmate to maintain ADA claim based in his exclusion, for health reasons, from a prison boot camp program. *Pennsylvania Dept, of Corrections v. Yeskey*, 524 U.S. 206, 208 (1998). Title II provides disabled individuals redress for discrimination by a "public entity." That term does not include individuals. *Alsbrook v. City of Maumell,* 184 F.3d 999, 1005 (8th Cir. 1999).

Parker alleges that Defendants Crowell, Rodely, Shirley, Lind, McBride and Lunde transported him between Pinckneyville and Menard between in such a manner that violated the ADA and asserts that he "was denied the same equality of safety afforded other transported inmates not wheelchair bound." Parker further asserts that Defendants Bartley, Benton, Kisro

and Dolce had actual knowledge of the manner in which he was transported, and failed to take corrective action in violation of the ADA. However, none of these Defendants are "public entities" against whom a claim can be brought. "ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities." *Brewer v. Wisconsin Bd. of Bar Examiners*, 270 Fed. Appx. 418, 421 (7th Cir. 2008) (citing 42. U.S.C. §§ 12131-12133; *United States v. Georgia*, 546 U.S. 151, 154 (2006); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000).

In light of the fact that Parker cannot maintain an action against Defendants in their individual capacity, Parker's claims against Defendants Crowell, Rodely, Lind, McBride, Bartley, Benton, Kisro and Dolce for violations of the ADA fail.

*Qualified Immunity*

Typically, the doctrine of qualified immunity acts as a protective shield for "government officials against suits arising out of their exercise of discretionary functions 'so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Jones v. Wilhelm*, 425 F.3d 455, 460 (7th Cir.2005) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). However, officers "who act unreasonably or 'who knowingly violate the law'" are not entitled to use qualified immunity as a defense. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1014 (7th Cir.2006) (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)). The threshold inquiry is whether a defendant's conduct violated Plaintiff's constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). The next step of the inquiry is to ask whether Plaintiff's constitutional rights were clearly established at the time, that is, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 201-02. "If the law did not

put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is inappropriate." *Id.* at 202.

The Seventh Circuit has expressly ruled that in a Section 1983 case, where no constitutional violation has occurred, it is unnecessary to consider whether the defendants are entitled to qualified immunity. *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997) (citing *Kraushaar v. Flanigan*, 45 F.3d 1040, 1049 (7th Cir.1995)). Since the Court has concluded that Defendants Bartley, Benton, Crowell, Dolce, Kisro, Lind, McBride, Rodely and Shirley did not violate Parker's constitutional rights, it is unnecessary to determine whether these defendants are entitled to qualified immunity.

## CONCLUSION

Having found no violations of the Eighth Amendment and ADA, the Court finds it unnecessary to consider Defendants' remaining argument with respective to injunctive relief. For the reasons stated above, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 44) and all claims pending against Defendants Bartley, Benton, Crowell, Dolce, Kisro, Lind, McBride, Rodely and Shirley are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED: March 7, 2011**

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**